CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED

JAN 1 2 2017

JULIA C. DUDLEY, CLERK
BY: H McDonal
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Criminal Case No. 4:11cr00032 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| RICHARD LEE BATES, | ) | By: Jackson L. Kiser |
| Petitioner. | ) | Senior United States District Judge |

Petitioner Richard Lee Bates, a federal inmate proceeding pro se, filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. He challenges his 106-month sentence following a guilty plea to drug-related crimes. Bates asserts that he deserves relief following the Supreme Court's recent decision in Johnson v. United States, 135 S. Ct. 2551 (2015). The government filed a motion to dismiss, and Bates responded, making this matter ripe for disposition. I conclude that Bates' petition is untimely, and I grant the government's motion to dismiss.

I.

On October 27, 2011, a federal grand jury returned a six-count Indictment against Bates charging him with: (1) two counts of distributing a measurable quantity of a mixture or substance containing marijuana, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(D) ("Counts One and Six"); (2) two counts of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g) ("Counts Two and Five"); (3) distributing a measurable quantity of a mixture or substance containing oxycodone, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) ("Count Three"); (4) possessing a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. §§ 924(c) ("Count Four"). Bates pleaded guilty to Counts Three and Four, pursuant to a written Plea Agreement, in exchange for the dismissal of the remaining counts, including the two felon in possession counts. (Plea Agree. at 1-2, ECF No. 31.)

A Presentence Investigation Report ("PSR") was created prior to sentencing. It recommended a guideline range of 46 to 57 months for Count Three and a statutory mandatory minimum consecutive sentence of five years to life on Count Four. (PSR ¶¶ 60, 61, ECF No. 56.) On May 31, 2012, I sentenced Bates to 106 months' imprisonment, 46 months on Count Three and a consecutive 60 months on Count Four. (Judgment at 2, ECF No. 37.) Bates did not appeal. On May 16, 2016, I reduces his sentence to 97 months, 37 months on Count Three and a consecutive 60 months on Count Four, pursuant to Amendment 782. (Order at 1, ECF No. 46.)

In his § 2255 motion, Bates argues that in light of Johnson, 135 S. Ct. 2551, his conviction under § 924(c) violates his Fifth Amendment Due Process rights. In accordance with Standing Order, 2015-5, I appointed the Federal Public Defender's Office to represent Bates, but it has declined to provide supplemental briefing and has withdrawn from the case. (Notice at 1, ECF No. 50.)

## II.

To state a viable claim for relief under § 2255, a petitioner must prove: (1) that his sentence was "imposed in violation of the Constitution or laws of the United States;" (2) that "the court was without jurisdiction to impose such a sentence;" or (3) that "the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255. Bates bears the burden of proving grounds for a collateral attack by a preponderance of the evidence. Miller v. United States, 261 F.2d 546, 547 (4th Cir. 1958).

## III.

A § 2255 petition must adhere to strict statute of limitations requirements before any of the substantive issues may be addressed. A person convicted of a federal offense must file a § 2255 motion within one year of the latest date on which:

> (1) the judgment of conviction becomes final;
>
> (2) the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Bates' judgment of conviction became final in 2012, after he declined to file an appeal. He filed his current § 2255 motion on June 22, 2016, well over the one-year timeliness requirement under § 2255(f)(1). Nonetheless, Bates argues that his petition is timely under § 2255(f)(3) because he filed the motion within one year of the Supreme Court's decision in Johnson, which was issued on June 26, 2015. The Supreme Court did announce a new rule of constitutional law in Johnson that applies retroactively. Welch v. United States, 136 S. Ct. 1257, 1268 (2016). However, Johnson does not affect Bates' claims, and so his motion must be dismissed as untimely.

The Supreme Court, in Johnson, held that part of the Armed Career Criminal Act's ("ACCA") definition of a "violent felony"—a conviction that "otherwise involves conduct that presents a serious potential risk of physical injury to another, 18 U.S.C. § 924(e)(2)(B)(ii)—was void for vagueness. 135 S. Ct. at 2563. Here, Bates was convicted of possessing a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c). The definition of a drug trafficking crime provided for in 18 U.S.C. § 924(c) is specific, and does not include a residual clause similar to that in § 934(e), which Johnson invalidated. See 18 U.S.C. § 924(c)(2) (defining a "drug trafficking crime" as "any felony punishable under the Controlled Substances

3

Act . . ., the Controlled Substances Import and Export Act . . ., or chapter 705 of title 46 [dealing with maritime drug law enforcement]"). Accordingly, Johnson has no effect on convictions under Section 924(c) based on drug trafficking crimes. See United States v. Parnell, 652 F. App'x 117, 122 (3d Cir. 2016) (concluding that the defendant's § 924(c) conviction was not affected by Johnson because the statute provides for an unambiguous definition of "drug trafficking crime").

## IV.

For the reasons stated, I grant the government's motion to dismiss and dismiss the motion to vacate, set aside, or correct sentence as untimely. Based upon my finding that Bates has not made the requisite substantial showing of a denial of a constitutional right as required by 28 U.S.C. § 2253(c), a certificate of appealability is denied.

**ENTER:** This 12th day of January, 2017.

*/s/ Jackson L. Kiser*
Senior United States District Judge

4